MISSOURI, K. & T. RY. CO. OF TEXAS v. MORIN.

(Court of Civil Appeals of Texas. Dallas. Feb. 17, 1912. Rehearing Denied March 9, 1912.)

1. EVIDENCE (§ 588*)—WEIGHT AND SUFFICIENCY—PHYSICAL FACTS.

Evidence that plaintiff, who was engaged in loading a car, was lying on sacks of chops piled in the east end of the car, with his head to the east, when the car was struck by a moving engine roughly propelled against it from the east, as a result of which he was violently thrown in a westerly direction and injured, was not so in conflict with physical facts as to destroy its probative force.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2437; Dec. Dig. § 588.*]

2. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMPTION OF FACTS.

In an action by a laborer for injuries received while engaged in loading a car owing to its being suddenly struck by an engine, a charge that if plaintiff had remained in the car, waiting for it to be replaced at the proper place after it had been moved, and if the servants of the defendant knew of plaintiff's presence in the car, and caused the engine to be run against it with such force that plaintiff was thrown from the top of sacks which had been loaded into the car, and if defendants' servants in so running the car failed to exercise ordinary care, which resulted in plaintiff's injury, the verdict should be for him, is not erroneous, in assuming that defendant's employés were guilty of negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

3. RAILROADS (§ 282*)—INJURIES TO PERSONS WORKING IN CARS—EVIDENCE.

In an action by a laborer injured while loading a car, evidence *held* sufficient to warrant a finding that the railroad employés knew of his presence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 910–923; Dec. Dig. § 282.*]

4. APPEAL AND ERROR (§ 882*)—PERSONS ENTITLED TO ALLEGE ERROR.

Where defendant requested two special charges to be given in the alternative, and the court indorsed the first refused and the second given, and had them filed, and defendant's counsel, over the protest of plaintiff, obtained permission to withdraw the second, which was on the same subject as the one refused, only fuller and more applicable to the case, defendant cannot on appeal object to the refusal of the first instruction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

---

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by F. E. Morin against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex. S. Coke, A. H. McKnight, and Dinsmore, McMahan & Dinsmore, for appellant. Sherrill, Mulkey & Hamilton, for appellee.

RAINEY, C. J. Appellee sued the railway company to recover damages for personal injuries received by him through the negligence of the company's employés.

Appellee's cause of action, in effect, was based upon the following facts, as stated by appellee in his brief, as follows:

"First. He was working for the Greenville Mill & Elevator Company, loading sacks of chops into defendant's car, to be shipped by it in due course of business as a carrier. The work was for the benefit of his employer and the defendant, and defendant owed him the duty to exercise ordinary care for his safety.

"Second. That while so engaged the servants of appellant interrupted the work, removed the car from the place where it was being loaded, and left it on the switch track for some time, and appellee and two of his coemployés remained in the car while it was being switched, and while it was standing on the switch track, waiting for it to be replaced, so that they could continue loading.

"Third. That while the car was standing on the switch track the servants of the defendant negligently and carelessly caused it to be struck by an engine, or engine and cars, with great and unnecessary force and violence, whereby plaintiff was thrown from the top of a pile of sacks to the floor of the car, and thereby injured.

"Fourth. That the negligence of the servants of the defendant in striking and bumping the car in a violent manner and throwing plaintiff on the floor was the proximate cause of his injuries."

Appellant answered by general denial, and also by special plea of contributory negligence on the part of the plaintiff, in that he should have left the car and not remained in it while it was being moved, that the sacks of chops were piled loosely in the car, and liable to be thrown down, and that plaintiff was guilty of negligence in sitting or lying on top of them. It further specially pleaded that there was a rule and custom of the employés of the mill company not to remain in a car while it was being switched, and that appellee, by remaining in the car, violated said rule, and also violated instructions from his employer not to remain in a car while it was being moved. The appellee, by supplemental petition, denied specifically the charges of contributory negligence, and denied that there was any custom or rule or any instructions that the men loading cars should remain out of same while they were being switched; that, if there was any such custom, rule, or instruction, he knew nothing of it, and was not guilty of any negligence in remaining in the car. A trial was had before a jury, and judgment rendered in favor of appellee for $10,000. The evidence supports substantially all the material allegations of plaintiff's petition.

[1] The first assignment of error is: "The court erred in refusing to instruct the jury peremptorily for the defendant as requested by defendant's special charge No. 1. The refusal of special charge No. 1 was error because the evidence was not sufficient to prove that defendant's servants in charge of its switch engine knew that plaintiff was in the car at the time, and there was no evidence sufficient to show that defendant's said servants were guilty of negligence, under the circumstances, in the manner in which the engine was coupled onto the car." The proposition presented under this assignment is: "Testimony that is in conflict with admitted or established physical facts or opposed to natural or physical laws is of no probative force and should be disregarded by the court in disposing of the case." Special charge No. 1, requested by appellant, reads as follows: "The evidence in this case is not sufficient to support any charge of negligence made by plaintiff against the defendant. Wherefore you are instructed to return a verdict for the defendant." It is questionable whether the assignment raises the question presented by the proposition. But, treating it as raising the question, we will say that the court will not consider evidence that is in direct conflict with known and recognized natural or physical laws. In this case, however, we are unable to say that the evidence shows that the appellee's testimony as to how he was thrown to the floor was in conflict with a physical or natural law. He was lying on some sacks of chops piled up in the east end of a car against the east wall. His head was to the east, a little diagonally across the sacks, with his feet up against the south side on a brace or running board, which was fastened along the side of the car, when the car in which he was, without warning to him, was suddenly struck by a moving engine being roughly propelled against it from the east, which caused him to be thrown violently in a westerly direction to the floor of the car and injured. Considering his position and the force of the jar, we cannot say what effect the physical or natural law would have in such a contingency as to the manner of his being thrown.

The contention, under the second assignment of error, to the effect that the verdict is not supported by the evidence, we think untenable, and the same is overruled.

[2] The fourth assignment is: "The court erred in giving to the jury the third paragraph of his general charge, which said paragraph is as follows: 'Therefore, if you be-

lieve from the evidence that at the time and place as alleged by plaintiff while engaged in loading chops in the cars of defendant, and that the plaintiff with others who were assisting in loading said chops remained in said car where they were at work waiting as alleged by plaintiff for the same to be replaced at its proper place so that they could continue loading of said car, and that while said car was standing on the switch or the side tracks of defendant, and if you believe from the evidence at said time the agents and servants of defendant in charge of the engine attached to cars knew of the presence of plaintiff in said car, caused said engine or engine and car attached to it to run against and come in contact with the car that plaintiff was in, with such force that plaintiff was thrown from the top of the sacks of chops, which had been loaded into said car, and to and upon the floor thereof, and he was thereby injured as alleged, and if you believe from the evidence that defendant's agents and servants caused said engine or engine and car to run against and come in contact with the car plaintiff was in, and in so doing defendant's agents or servants failed to exercise that degree of care that an ordinarily careful and prudent person would have exercised under the same or similar circumstances, and as a proximate result of said failure, if any, plaintiff was injured in either or all the ways alleged in his petition, then you will find for the plaintiff, unless you find for the defendant under subsequent portions of this charge.'" The first proposition presented under this charge is: "The third paragraph of the court's charge assumes and in effect states to the jury that it was negligence to cause the engine or engine with a car attached to it to run against and come in contact with the car that plaintiff was in with such force that plaintiff was thrown from the top of the sacks of chops, whereas it was for the jury to determine whether that act was negligent, it being well settled that whether a given fact constitutes negligence can be determined by the judge only in those cases where the law declares the doing or not doing of the thing negligence or the circumstances are such that reasonable minds can only reach one conclusion with reference thereto." We do not think the charge complained of is subject to the criticism urged. It does not assume that the company's employés were guilty of negligence, but expressly leaves that fact for the jury's determination. It tells the jury if they believe certain facts, which were testified to, and the employés did not exercise that degree of care that an ordinarily careful and prudent person would have used under the same or similar circumstances, and as a result of such failure, if any, plaintiff

was injured, to find for him. While the court did not mention the word "negligence," he embodied the elements of it in the charge, which was correct, and the jury could not have been misled thereby.

The other criticisms are without merit, and are not sustained.

Error is assigned to the action of the court in refusing to give special charge No. 2, which is: "If you believe from the evidence that plaintiff was injured at the time and place and in the manner charged in the petition, yet, unless you further believe from the evidence that defendant's servants in charge of its locomotive or the cars at the time locomotive or cars struck or coupled onto the car in which plaintiff was at the time he alleges he was injured, knew that plaintiff, or employés of the mill and elevator company, or other person or persons were in the car at the time, you will find for the defendant."

[3] The court in its main charge made plaintiff's recovery depend upon the knowledge of the operatives of the engine that he was in the car. The testimony on this point was conflicting. The foreman of the switch yard said he never permitted those loading cars to remain in the cars while being switched, while others said that, when a car was partly loaded, it was customary for the parties loading to remain in the car while being switched, and in some instances it was their duty to do so. The car in question was being loaded when it became necessary to move it to do some switching, and, when struck, it was setting on the track waiting to be moved back, that the loading thereof might be completed. From the circumstances surrounding the parties, we think it is clearly deducible that the company's employés knew of their presence in the car.

[4] If appellant was entitled to such a charge upon request, we are of the opinion that, by withdrawing special charge No. 3, it cannot now be heard to complain. Counsel for appellant prepared two special charges, Nos. 2 and 3, with the request that, if No. 2 was refused, No. 3 should be given, which was fuller but similar in character, and in our opinion more correctly applying the law to the facts of the case. The judge indorsed No. 2 refused, and No. 3 given, and had them filed. After the judge read his main charge to the jury, and before reading special charge No. 3, counsel for appellant asked to withdraw No. 3, which was done, over the protest of plaintiff. As the action of appellant in withdrawing No. 3 caused the failure of the court to give to the jury charge No. 3, it is estopped from complaining at the failure to give charge No. 2.

The judgment is not excessive.

Finding no reversible error in the record, the judgment is affirmed.